IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HSBC MORTGAGE SERVICES INC.,**

    **Plaintiff,**

v.                                No. CIV-13-0508 KG/LAM

**MARIE A. MARTINEZ, A/K/A
MARIE MARTINEZ,
FELIX J. MARTINEZ, A/K/A
FELIX JOE MARTINEZ,
FELIX JOE MARTINEZ, PUBLIC TRUST, AND
SOUTHWEST FINANCIAL SERVICES INC.,**

    **Defendants.**

<u>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RESPONSES**</u>

**THIS MATTER** is before the Court on *Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion to Dismiss and Plaintiff's Response to Defendants' Motion to Stay Discovery (Doc. 74)*, filed April 16, 2014. Plaintiff filed a response to the motion on May 1, 2014. [*Doc. 80*]. No reply has been filed and the time for doing so has passed. Having considered the motion, response, record of the case, and relevant law, the Court finds that the motion is not well-taken and shall be **DENIED**.

Defendants ask the Court to strike Plaintiff's responses to Defendants' motion to dismiss [*Doc. 68*], and Defendants' motion to stay discovery [*Doc. 69*], because Defendants contend that the responses were untimely under Local Rule 7.4(a). [*Doc. 74* at 1-2]. First, the Court notes that Defendants improperly filed a pleading raising two matters for adjudication in a single document, which violates D.N.M. Administrative Order 92-88 (May 4, 1992). This Administrative Order prohibits the filing of "compound pleadings," and states that all

practitioners shall "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought." The issue of whether each of these responses were timely involve separate matters and should have been brought in two separate motions. Regardless, rather than ordering Defendants to re-file this motion as two separate motions, the Court will consider Defendants' motion to strike Plaintiff's responses. The Court cautions Defendants to submit separate pleadings when appropriate in the future.

Local Rule 7.4(a) states that a response to a motion must be served and filed within fourteen (14) calendar days after service of the motion, and that "[t]hese time periods are computed in accordance with Fed. R. Civ. P. 6(a) and (d)." D.N.M. LR-Civ. 7.4(a). Rule 6(d) explains that when a party serves a document electronically, three days are added to the time period. Fed. R. Civ. P. 6(d). In addition, Rule 6(a)(1)(C) explains that "if the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

Defendants' motion to dismiss [*Doc. 68*] was served electronically on March 26, 2014, so Plaintiff's response was due April 14, 2014, which is the first day that was not a Saturday, Sunday or legal holiday seventeen (17) days after the motion was served. Plaintiff's response was filed April 10, 2014, which was well before that deadline. *See* [*Doc. 72*]. The Court, therefore, finds that Defendants' motion should be denied as to Plaintiff's response to Defendants' motion to dismiss.

Defendants' motion to stay discovery [*Doc. 69*] was served electronically on March 28, 2014, so Plaintiff's response was due April 14, 2014, which is the first day that was not a Saturday, Sunday or legal holiday seventeen (17) days after the motion was served. While Plaintiff filed its response one day late, on April 15, 2014 (*see Doc. 73*), Defendants do not

allege any bad faith on the part of Plaintiff's counsel, or any prejudice as a result of the one-day delay. *See, e.g., Moncla v. Kelley*, Civil Action No. 09-3137-MLB, 2011 WL 686129, at *1 (D.Kan. Feb. 18, 2011). Defendants provide no reason to strike Plaintiff's response other than stating that Defendants, as *pro se* parties, are required to follow the rules of the Court. [*Doc. 74* at 1]. The Court finds that this is not a sufficient reason to strike Plaintiff's response to Defendants' motion to stay discovery, especially because the response was only one day late, the Local Rules allow the parties to extend these deadlines by agreement (*see* D.N.M. LR-Civ. 7.4(a)), and Defendants filed their reply to their motion to stay discovery (*see Doc. 78*). While Defendants are correct that they are required to follow the Court's rules despite their *pro se* status, that certainly does not preclude them from extending courtesies to opposing counsel, and Defendants should note that they may need the same courtesies extended to them at some point.

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion to Dismiss and Plaintiff's Response to Defendants' Motion to Stay Discovery (Doc. 74)* is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**