IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HSBC MORTGAGE SERVICES INC.,**

    **Plaintiff,**

v.                                               No. CIV-13-0508 KG/LAM

**MARIE A. MARTINEZ, A/K/A
MARIE MARTINEZ,
FELIX J. MARTINEZ, A/K/A
FELIX JOE MARTINEZ,
FELIX JOE MARTINEZ, PUBLIC TRUST, AND
SOUTHWEST FINANCIAL SERVICES INC.,**

    **Defendants.**

## ORDER DENYING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY

**THIS MATTER** is before the Court on *Defendants' Motion to Stay Discovery Pending Defendants' Motion to Dismiss and Plaintiff's Motion to Substitute Plaintiff* (*Doc. 69*), filed March 28, 2014. Plaintiff filed a response to the motion on April 15, 2014 (*Doc. 73*), and Defendants filed a reply on April 29, 2014 (*Doc. 78*). Having considered the motion, response, reply, record of the case, and relevant law, the Court finds that the motion shall be **DENIED in part** as set forth below.

In their motion, Defendants ask the Court to stay discovery in this case pending a ruling on Defendants' motion to dismiss [*Doc. 68*] and Plaintiff's motion to substitute a party [*Doc. 42*]. [*Doc. 69* at 1]. Defendants contend that their motion to dismiss is based on their claim that Plaintiff does not have standing to bring its claims against Defendants. *Id.* at 1-2. Defendants state that there is good cause to stay discovery because the parties may change if Plaintiff's motion to substitute a party is granted, and Defendants further state that they would be

prejudiced if discovery continues at this time because "they are still not certain who the real party in interest is." *Id.* at 2-3.

In response, Plaintiff states that it served its discovery requests on Defendants on March 11, 2014, and Defendants responded to those requests on April 10, 2014. [*Doc. 73* at 1-2]. Plaintiffs further state that Defendants served their discovery requests on Plaintiff on April 1, 2014, which was after they filed their motion to stay discovery. *Id.* at 1-2. Plaintiff states that discovery in this case closed on April 21, 2014, and all motions related to discovery were due on May 12, 2014, and that the only discovery matter pending is Plaintiff's response to Defendants' discovery requests. *Id.* at 2. Plaintiff contends that it is contradictory for Defendants to file a motion to stay discovery and then submit discovery requests to Plaintiff (*id.* at 2), and that Plaintiff would be prejudiced by a stay of discovery because it would merely delay resolution of this case (*id.* at 5).

In reply, Defendants state that discovery in this case was extended by the Court to after April 21, 2014, and that motions related to discovery are due after May 12, 2014. [*Doc. 78* at 1-2]. Defendants state that they are not trying to delay this case, and that discovery should be stayed because, if their motion to dismiss is granted, discovery would be moot, and, if their motion to dismiss is denied and Plaintiff's motion to substitute a party is granted, Defendants would need to pursue discovery with that new party. *Id.* at 2-4.

The Court finds that this motion should be denied for two reasons. First, in its response to the motion, which was filed April 15, 2014, Plaintiff states that it had not yet responded to Defendants' discovery requests which were served on Plaintiff on April 1, 2014, making Plaintiff's responses due May 1, 2014. [*Doc. 73* at 2]. To the extent those responses have not yet been provided to Defendants, the Court finds that Defendants' motion to stay discovery

should be denied in part so that Plaintiff can provide responses to Defendants' discovery requests, and that Plaintiff shall respond to those requests **within ten (10) days from the date this Order is entered**.[1]

Second, the Court finds that this motion should be denied as moot with regard to any other discovery because the parties' discovery deadline has passed. While Defendants are correct that the Court granted the parties' unopposed motion to extend the discovery deadline in this case to a date after April 21, 2014, and the discovery motions deadline to a date after May 12, 2014, these deadlines were actually extended by one month to April 21, 2014 and May 12, 2014, respectively, as reflected in the Court's CM-ECF docketing system. The Court does not allow parties to have open-ended discovery deadlines, notwithstanding the apparent confusion from the wording of the parties' unopposed motion to extend the deadlines in this case by one month. *See* [*Doc. 60*] and [*Doc. 61*]. Regardless, neither party states that they are currently in need of any discovery. For these reasons, the Court finds that Defendants' motion to stay discovery is moot since the discovery and discovery motions deadlines have passed. If necessary, the Court will set another scheduling conference in this case after Defendants' motion to dismiss and Plaintiff's motion to substitute a party are ruled on by the presiding judge.

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Stay Discovery Pending Defendants' Motion to Dismiss and Plaintiff's Motion to Substitute Plaintiff (Doc. 69)* is **DENIED in part**, and Plaintiff shall respond to Defendants' April 1, 2014 discovery requests **within ten (10) days from the date this Order is entered**, if it has not already done so.

---

[1] Defendants state in their reply that "Plaintiff indicates that it has not received responses to its discovery request" (*Doc. 78* at 5), and that Defendants have provided responses to Plaintiff's discovery request (*id.*). However, Plaintiff acknowledges in its response to Defendants' motion to stay discovery that Defendants responded to its discovery requests on April 10, 2014. [*Doc. 73* at 2]. Therefore, it does not appear that Plaintiff is seeking any outstanding discovery responses from Defendants.

**IT IS FURTHER ORDERED** that the motion is **DENIED as moot** as to any other discovery at this time, and the Court will set a second scheduling conference if one is needed after Defendants' motion to dismiss and Plaintiff's motion to substitute a party are ruled on.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**