IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HSBC MORTGAGE SERVICES, INC.,

    Plaintiff,

vs.                                                            Civ. No. 13-508 KG/KK

MARIE A. MARTINEZ, A/K/A
MARIE MARTINEZ,
FELIX J. MARTINEZ, A/K/A
FELIX JOE MARTINEZ,
FELIX JOE MARTINEZ PUBLIC TRUST, AND
SOUTHWEST FINANCIAL SERVICES, INC.,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Motion to Dismiss Based on Lack of Standing (Motion to Dismiss) filed by *pro se* Defendants Marie A. Martinez, a/k/a Marie Martinez, and Felix J. Martinez, a/k/a Felix Joe Martinez, (collectively, the Martinezes) on March 26, 2014. (Doc. 68). On April 10, 2014, Plaintiff file a response; on April 24, 2014, the Martinezes filed a reply; and on June 4, 2014, Plaintiff filed a surreply. (Docs. 72, 76, and 88). Having considered the Motion to Dismiss and the accompanying briefs, the Court denies the Motion to Dismiss.

*A. Background*

This is a lawsuit to foreclose a mortgage on property purchased by the Martinezes. On September 13, 2006, Oak Street Mortgage lent the Martinezes $270,000.00 for the purchase of real property in Chimayo, New Mexico. (Doc. 1-1) at 8-10. The Note for this loan contains an undated special indorsement from Oak Street Mortgage payable to the order of Oak Street Mortgage, LLC. *Id.* at 10. The Note also contains an undated blank indorsement from Oak

Street Mortgage, LLC which states "pay to the order of." *Id.* Donna J. Parker signed both indorsements as an authorized signer for Oak Street Mortgage and Oak Street Mortgage LLC. *Id.*

Oak Street Mortgage secured the Note with a Mortgage on the purchased real property. *Id.* at 11-26. The Mortgage names Mortgage Electronic Registration Systems, Inc. (MERS) as a nominee for Oak Street Mortgage, "its successors, and assigns." *Id.* at 11. MERS is also named as the mortgagee. *Id.* The Mortgage was recorded with the Rio Arriba County Clerk on September 18, 2006. *See, e.g., id.* On June 1, 2012, MERS, through a Corporate Assignment of Mortgage, assigned the Mortgage to Plaintiff. *Id.* at 27. This assignment was also recorded with the Rio Arriba County Clerk. *Id.*

On March 19, 2013, Plaintiff filed a Complaint for Foreclosure against the Martinezes in state court.[1] (Doc. 1-1). Plaintiff alleges in the Complaint for Foreclosure that the Martinezes are in default on the Note and that it is, therefore, entitled to foreclose the Mortgage. *Id.* at 3, ¶ 10. Plaintiff also alleges that it was in possession of both the Note and the Mortgage. *Id.* at 2, ¶ 8. In fact, Plaintiff attached copies of the Note and Mortgage to the Complaint for Foreclosure. On May 31, 2013, the Martinezes removed the state foreclosure action to this Court. (Doc. 1).

Then, on January 14, 2014, Plaintiff assigned the Note and Mortgage to Volt Asset Holdings Trust XVI. (Doc. 42-1). Plaintiff has subsequently moved to substitute Volt Asset Holdings Trust XVI by Caliber Home Loans, Inc., solely in its capacity as servicer, as the plaintiff in this case. (Doc. 42).

The Martinezes now move to dismiss this lawsuit on the ground that Plaintiff lacks standing to bring this foreclosure action. The Martinezes specifically contend that when Plaintiff

---

[1] Plaintiff is also suing Felix Joe Martinez Public Trust and Southwest Financial Services, Inc., because they may claim an interest in the real property at issue. (Doc. 1-1) at 4-5, ¶¶ 14-15.

filed this lawsuit Plaintiff neither held the Note nor did MERS lawfully assign the Mortgage to Plaintiff.  Plaintiff opposes the Motion to Dismiss in its entirety.

B.  Discussion

A plaintiff must have standing to bring a federal lawsuit in order for the federal court to have jurisdiction over the lawsuit.  *Southern Utah Wilderness Alliance v. Palma*, 707 F.3d 1143, 1153 (10th Cir. 2013).  When evaluating the issue of standing in a motion to dismiss, the Court "'must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'"  *Id.* at 1152 (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).  Standing is determined at the time the plaintiff files the complaint.  *Id.* at 1153.

Plaintiff has the burden of establishing standing in this foreclosure lawsuit.  *See Bank of New York v. Romero*, 2014-NMSC-007, ¶ 17, 320 P.3d 1.  Plaintiff, a third party to the Note, argues that it has standing, because it is entitled to enforce the Note as a holder of the Note.  *See* NMSA 1978, § 55-3-301 (1993 Repl. Pamp.) (holder of note entitled to enforce note).  A third party holds a note if it both physically possesses the note and has "the right to enforcement through … a proper indorsement…."  *Romero*, 2014-NMSC-007 at ¶ 21.  Accepting the allegations in the Complaint as true and construing those allegations in favor of Plaintiff, Plaintiff has established that it physically possessed the Note when it filed this lawsuit.  The issue then is whether Plaintiff has shown that it has a right to enforce the Note through a proper indorsement.

The New Mexico Uniform Commercial Code (UCC) recognizes two types of indorsements:  (1) a special indorsement which identifies a person to whom the note is payable; and (2) a blank indorsement which "does not identify a person to whom the [note] is payable but instead makes it payable to anyone who holds [the note] as bearer paper."  *Id.* at ¶¶ 24 and 25.  In

this case, the Note contains an undated special indorsement and an undated blank indorsement. Plaintiff contends that Parker signed the special indorsement first and signed the blank indorsement second. Consequently, the second indorsement, the blank indorsement, controls and the Note would be payable to anyone who holds the Note as bearer paper. Because Plaintiff physically possessed the Note as bearer paper at the time it filed the Complaint for Foreclosure, Plaintiff asserts that it held the Note through a proper blank indorsement. Plaintiff, therefore, concludes that it is entitled to enforce the Note in this foreclosure action.

The Martinezes argue that this conclusion is erroneous for several reasons. The Court, will not, however, address the Martinezes' arguments based on (1) Plaintiff's assignment of the Note and Mortgage to Volt Asset Holdings Trust XVI, and (2) Plaintiff's motion to substitute Volt Asset Holdings Trust XVI by Caliber Home Loans, Inc. as the plaintiff in this case. The subsequent assignments and motion to substitute are not relevant to Plaintiff's standing at the time Plaintiff filed this lawsuit.

The Martinezes argue first that it is unclear which indorsement Parker signed first. Reading the document from left to right, the special indorsement is listed first and the blank indorsement is listed second. A commonsense reading of the Note would lead a reasonable person to believe that Parker signed the special indorsement before signing the blank indorsement. In addition, when a note contains a special indorsement from one entity to a second entity as well as a blank indorsement from the second entity, the blank indorsement allows the second entity, in this case, Oak Street Mortgage LLC "to negotiate, or transfer, the note to another person," like Plaintiff. *See Flagstar Bank, FSB v. Licha,* 2015 WL 730063, ¶ 16, ___ P.3d ___ (N.M. Ct. App.).

The Martinezes contend, however, that having the same person sign both indorsements makes it unclear which indorsement occurred first and whether Oak Street Mortgage and Oak Street Mortgage LLC are even separate entities.  There is no reason to believe that Parker, as an authorized signer for both Oak Street Mortgage and Oak Street Mortgage LLC, did not sign the special indorsement before signing the blank indorsement.  Moreover, there is no reason to believe that Oak Street Mortgage and Oak Street Mortgage LLC are not actually separate entities as reflected in their different names.

The Martinezes also infer from the MERS assignment of the Mortgage to Plaintiff that Plaintiff "obtained the note/mortgage directly from Oak Street Mortgage and not Oak Street Mortgage, LLC…." (Doc. 76) at 3.  According to the Martinezes, the MERS assignment of the Mortgage, on behalf of Oak Street Mortgage, contradicts Plaintiff's assertion that it obtained the right to enforce the Note through the blank indorsement from Oak Street Mortgage LLC.  The Martinezes further argue that even if Plaintiff had a right to enforce the Note, it could not foreclose the Mortgage, because the Mortgage states that only Oak Street Mortgage has a right to foreclose.  These arguments fail for two reasons.  First, although MERS did not have the authority to assign the Note, MERS had the authority, as Oak Street Mortgage's nominee, to assign the Mortgage to Plaintiff, including any rights that went with the Mortgage.  *See Romero*, 2014-NMSC-007 at ¶ 35 (MERS, as nominee on mortgage contract, "could assign the mortgage but lacked any authority to assign" note).  Second, once Plaintiff established the right to enforce the Note as the holder of the Note, Plaintiff "automatically established its right to enforce the mortgage." *Flagstar Bank, FSB*, 2015 WL 730063 at ¶ 18.  Consequently, the fact that MERS assigned the Mortgage, on behalf of Oak Street Mortgage, to Plaintiff does not affect the fact that Plaintiff was, nonetheless, the holder of the Note pursuant to the blank indorsement from Oak

Street Mortgage LLC and, thus, entitled to enforce the Note.  Additionally, as the holder of the Note, Plaintiff automatically has the right to enforce or foreclose the Mortgage, no matter who assigned the Mortgage to Plaintiff.

The Martinezes further argue that a blank indorsement must state "pay to bearer" and not "pay to the order of," as in this case.  However, the UCC Comment to NMSA 1978, § 55-3-205(b) (1993 Repl. Pamp.), notes that a note holder's signature and writing "pay to the order of" without writing the name of an indorsee constitutes a blank indorsement.  The Martinezes also intimate that the failure to date the indorsements is an issue.  The New Mexico Court of Appeals recently held that an undated blank indorsement which the plaintiff did not produce at the time the plaintiff filed the complaint could not establish standing to foreclose.  *Deutsche Bank Nat. Trust Co. v. Beneficial New Mexico Inc.*, 2014-NMCA-090, ¶ 13, 335 P.3d 217, *cert. granted sub nom. Deutsche Bank v. Johnston*, 2014-NMCERT-008, 334 P.3d 425.  Here, Plaintiff included the indorsements when it filed the Complaint for Foreclosure, so Plaintiff can use those indorsements to establish standing.

The Martinezes also argue that accepting the blank indorsement as having occurred after the special indorsement "shows that the blank endorsement is being favored over the special endorsement for the purpose of the assignment of the mortgage." (Doc. 76) at 3.  The Martinezes rely on *Romero* in which the New Mexico Supreme Court stated that a special indorsement cannot be ignored.  2014-NMSC-007, ¶ 27.  In this case, the Court is not ignoring the special indorsement.  Instead, the Court recognizes that the special indorsement occurred before the blank indorsement and that because of this sequence of indorsements, the blank indorsement controls who is the holder of the Note.  The Martinezes also impermissibly link the indorsements on the Note with the assignment of the Mortgage.  As the New Mexico Supreme

Court in *Romero* observed, notes and mortgages have separate contractual functions: a "note is a loan and the mortgage is a pledged security for that loan…." *Id.* at ¶ 35.

Next, the Martinezes contend that the assignment of the Mortgage to Plaintiff was not valid, because neither MERS nor Plaintiff recorded the assignment. As stated above, when a foreclosing plaintiff establishes the right to enforce a note, the plaintiff automatically has the right to foreclose the mortgage securing the note. Accordingly, there is no need to record a separate mortgage assignment. *See Flagstar Bank, FSB*, 2015 WL 730063 at ¶ 17 (citing with approval 55 Am. Jur. 2d *Mortgages* § 927 (2009)).

The Martinezes further argue that MERS could not convey the property to Plaintiff unless the Martinezes granted power of attorney to MERS, which the Martinezes did not do. The Martinezes also argue that MERS could not transfer Oak Street Mortgage's interest in the property without power of attorney from Oak Street Mortgage. In New Mexico, "a mortgage is merely a lien and passes no title to the mortgaged property." *Slemmons v. Massie*, 1984-NMSC-108, ¶ 5, 102 N.M. 33. Plaintiff does not contend that the MERS assignment of the Mortgage transferred title of the property. In addition, as explained above, Oak Street Mortgage's designation of MERS as its nominee under the Mortgage was sufficient to allow MERS to assign the Mortgage, a lien, to Plaintiff; no power of attorney from Oak Street Mortgage to MERS was necessary to do so.

The Martinezes also contend that MERS did not have the authority to act as nominee for Oak Street Mortgage on the day of the assignment of the Mortgage, because "Oak Street Mortgage had already ceased to exist" due to Chapter 11 bankruptcy and that this bankruptcy was later converted to a Chapter 7 bankruptcy. The Martinezes do not, however, provide evidence of this bankruptcy. Nonetheless, the fact that a business filed for Chapter 11

7

bankruptcy does not necessarily mean that the business ceases to exist. *See, e.g., In re Physiotherapy Holdings, Inc.,* 506 B.R. 619, 621 (Bankr. D. Del. 2014) ("The Debtors continued to operate their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.").

Next, the Martinezes argue that the Note is actually an unsecured debt, i.e., a security instrument and not a negotiable instrument, which does not give Plaintiff the right to possess the property that is the subject of the Mortgage. Contrary to the Martinezes' argument, it is well-established that a note secured by a mortgage on a home is clearly not a security instrument, but it is a negotiable instrument. *See Reves v. Ernst & Young*, 494 U.S. 56, 65 (1990); NMSA 1978, § 55-3-102(15) (2013 Cum. Supp.) (definition of security); NMSA 1978, § 55-3-104(a) (1993 Repl. Pamp.) (definition of negotiable instrument).

Finally, the Martinezes contend that the Corporate Assignment of Mortgage purports to assign the principle sum of $270,000.00 without mention of the Note. The Mortgage specifically states: "Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $270,000.00 with interest, secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof…." (Doc. 1-1) a 27. The Court reads this statement as assigning only the Mortgage and merely describing the Mortgage as securing payment of the $270,000.00 loan.

*C. Conclusion*

The Court agrees with Plaintiff that it was a holder of the Note and that MERS properly assigned the Mortgage to Plaintiff. Under these circumstances, Plaintiff has standing to bring this foreclosure lawsuit. Accordingly, this Court has subject matter jurisdiction over this case and will deny the Motion to Dismiss.

IT IS ORDERED that the Motion to Dismiss Based on Lack of Standing (Doc. 68) is denied.

_____
UNITED STATES DISTRICT JUDGE