IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HSBC MORTGAGE SERVICES, INC.,

    Plaintiff,

vs.                                                     Civ. No. 13-508 KG/KK

MARIE A. MARTINEZ, A/K/A
MARIE MARTINEZ,
FELIX J. MARTINEZ, A/K/A
FELIX JOE MARTINEZ,
FELIX JOE MARTINEZ PUBLIC TRUST, AND
SOUTHWEST FINANCIAL SERVICES, INC.,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Plaintiff's Motion for Substitution of Volt Asset Holdings Trust XVI, by Caliber Home Loans, Inc., Solely in its Capacity as Servicer as Plaintiff (Motion for Substitution), filed on January 23, 2014. (Doc. 42). *Pro se* Defendants Marie A. Martinez, a/k/a Marie Martinez, and Felix J. Martinez, a/k/a Felix Joe Martinez, (collectively, the Martinezes) filed a response on February 6, 2014, and Plaintiff filed a reply on February 24, 2014. (Docs. 51 and 59). On November 14, 2014, Plaintiff filed a Request for Hearing on the Motion for Substitution. (Doc. 95). Having considered the Motion for Substitution, the accompanying briefs, and the Request for Hearing, the Court denies the parties' request for a hearing and grants the Motion for Substitution.

*A. Background*

       This is a real estate foreclosure lawsuit filed on March 19, 2013. (Doc. 1-1). Plaintiff held the Note at issue through a blank indorsement on the Note. *See* (Doc. 97). On June 1, 2012, Mortgage Electronic Registration Systems, Inc. transferred the Mortgage securing the Note

to Plaintiff. (Doc. 1-1) at 27; (Doc. 97). The Martinezes claim that Plaintiff then transferred its interests in the Note and Mortgage to Volt Asset Holdings Trust XVI on June 3, 2013, two days before the Martinezes filed their answer and counterclaim. (Doc. 51) at ¶ 14. The Martinezes allege that they learned of Plaintiff's transfer of its interests in the Note and Mortgage to Volt at the end of June 2013 or in early July 2013. *Id.* On January 14, 2014, Plaintiff, by Caliber Home Loans, Inc., formally assigned the Note and Mortgage to Volt Asset Holdings Trust XVI through a written assignment document. (Doc. 42-1). The Court was not aware that Plaintiff transferred any interests to Volt Asset Holdings Trust XVI until January 2014. *See* (Docs. 35, 36, and 39).

The January 14, 2014, assignment document shows that Jason Adams, Assistant Vice-President, signed the assignment document on behalf of Plaintiff, by Caliber Home Loans, Inc., as an attorney in fact. (Doc. 42-1). The assignment document was also signed by two witnesses and notarized. *Id.* Plaintiff's counsel states that she possesses the Note as bailee for Volt Asset Holdings Trust XVI, by Caliber Home Loans, Inc., solely in its capacity as servicer, (collectively, Volt). (Doc. 59) at ¶ 1. Aside from the assignment document, Volt holds the Note through a blank indorsement on the Note. *See* (Doc. 97) at 4 (blank indorsement on Note controls who holds Note).

Plaintiff now moves under Fed. R. Civ. P. 25(c) to substitute Volt as Plaintiff in this lawsuit, because Volt now holds the Note and is entitled to foreclose the Mortgage at issue. The Martinezes oppose the Motion for Substitution.

B. Discussion

   1. *D.N.M. LR-Cv 7.1(a) (Good-Faith Request for Concurrence)*

As a preliminary matter, the Martinezes note that Plaintiff waited only over an hour for the Martinezes to respond to Plaintiff's request for concurrence on the Motion for Substitution

before filing that motion. *See* (Doc. 51) at 14 (Plaintiff's email seeking concurrence dated January 23, 2014, at 4:09 p.m.); (Doc. 42) (Motion for Substitution filed on January 23, 2014, at 5:21 p.m.). This action on the part of Plaintiff is certainly not within the spirit of D.N.M. LR-Cv 7.1(a)'s requirement of "a good-faith request for concurrence…." Since the Martinezes, nonetheless, oppose the Motion for Substitution, the short period of time to respond to the request for concurrence neither prejudices the Martinezes nor does it adversely affect the Court's administration of its docket. The Court, however, admonishes Plaintiff's counsel from engaging in such actions in the future and warns Plaintiff's counsel that such future actions will result in an order to show cause why counsel should not be sanctioned.

    *2. Rule 25(c) (Substitution of Party)*

Rule 25(c) provides: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3)." Rule 25(a)(3) provides that a movant serve a motion to substitute "together with a notice of hearing."

Substitution of a successor in interest is within the sound discretion of the trial court. *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978). "The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named." 7C Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1958 at 696. Rule 25(c) is merely a procedural device to facilitate litigation. *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993). Importantly, "Rule 25(c) does not ordinarily alter the substantive

rights of parties…." *Id.* at 71.  A substituted transferee of an interest assumes the litigation position of the transferor.  *Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995).  In addition, "there is no time limit on moving to substitute under" Rule 25(c).  7C Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1958 at 704.  Finally, due process does not require an evidentiary hearing under Rule 25(c).  *Sullivan v. Running Waters Irrigation, Inc.*, 739 F.3d 354, 358-60 (7th Cir. 2014).

The Martinezes argue that a substitution is inappropriate for several reasons.  First, the Martinezes argue that Rule 25(c) requires a hearing on the Motion for Substitution[1] so they can challenge Volt's standing in this foreclosure lawsuit.  The Martinezes, however, have not "made clear" to the Court "what an evidentiary hearing would have disclosed."  *Sullivan*, 739 F.3d at 360.  Hence, the Court denies the Martinezes' request for a Rule 25(c) hearing as well as Plaintiff's Request for Hearing.

The Martinezes also suggest that Plaintiff was not the real party in interest when it assigned the Note and Mortgage to Volt and, thus, cannot move to substitute Volt as Plaintiff.  Federal Rule of Civil Procedure 17 addresses the need for a real party in interest to prosecute a lawsuit when "an interest has been transferred prior to the commencement of the suit…."  Wright, Miller & Kane, 7C *Federal Practice and Procedure:  Civil 3d* § 1958 at 691-92.  If an interest has been transferred after the filing of the lawsuit, like Plaintiff's assignment of the Note and Mortgage to Volt, Rule 25(c) applies, not Rule 17.  *See id.*  The Martinezes' real party in interest argument is, therefore, without merit.

The Martinezes further argue that because Plaintiff did not hold the Note nor was the Mortgage properly assigned to Plaintiff, Plaintiff does not have standing to bring this lawsuit and

---

[1] The Court notes that Plaintiff filed a Request for Hearing to comply with Rule 25(a)(3)'s requirement that a movant serve a motion to substitute "together with a notice of hearing."

4

so cannot move to substitute Volt as Plaintiff.  The Court has already ruled that when Plaintiff filed this lawsuit Plaintiff was a holder of the Note and entitled to foreclose the Mortgage.  (Doc. 97).  Accordingly, the Court held that Plaintiff has standing to bring this lawsuit and, therefore, the Court has jurisdiction over this matter.  *Id.*  Under these circumstances, Plaintiff had the authority to assign the Note and Mortgage to Volt.

     Next, the Martinezes contend that the January 14, 2014, assignment document should have been recorded with the county clerk.  The New Mexico Supreme Court has held "that the bona fide holder of negotiable paper, transferred to him by indorsement thereon before maturity, and secured by a real estate mortgage, need not record the assignment of the mortgage…." *Hayden v. Speakman*, 1914-NMSC-077, ¶ 11, 20 N.M. 513 (addressing N.M. Comp. Laws of 1897, § 3953, similar to current NMSA 1978, § 14-9-1 (2003 Repl. Pamp.)).  That is the situation here.  Moreover, the Martinezes have not cited any legal authority to support their apparent assertion that an assigned note must be recorded.  *See* D.N.M. LR-Cv 7.3(a) (response "must cite authority in support of the legal positions advanced.").  Section 14-9-1, which requires the recording of mortgages "and other writings affecting the title to real estate," does not state that the transfer of a note must be recorded.  Also, although a real estate mortgage secures payment of a note, a note is simply a loan.  *Bank of New York v. Romero*, 2014-NMSC-007, ¶ 35, 320 P.3d 1 (note and mortgage have "separate contractual functions—where the note is the loan and the mortgage is a pledged security for that loan….").  As such, a note does not affect the title to real estate and is, therefore, outside the recording statute.  Furthermore, because Volt acquired the Note through a blank indorsement, possession of the Note is sufficient to provide Volt with the authority to enforce the Note, regardless of whether Plaintiff or Volt recorded the assignment of the Note.  *See id.*at ¶¶ 24 and 25 (blank indorsement "does not identify a person to whom the

[note] is payable but instead makes it payable to anyone who holds [the note] as bearer paper."). Consequently, neither Plaintiff nor Volt was required to record the assignment of the Note and Mortgage.

In addition, the Martinezes contend that there is no evidence that Volt actually services the Note and Mortgage. The Martinezes previously contradicted this contention in another pleading in which they stated that Volt, through Caliber Home Loans, Inc., services the Note and Mortgage. *See* (Doc. 35) at 4. Nonetheless, as Plaintiff argues, Volt, a third party to the Note, has the right to enforce the Note as holder of the Note and, therefore, to foreclose the Mortgage. *See* NMSA 1978, § 55-3-301 (1993 Repl. Pamp.) (holder of note entitled to enforce note). A third party holds a note if it both physically possesses the note and has "the right to enforcement through … a proper indorsement…." *See Romero*, 2014-NMSC-007, ¶ 21. Here, Plaintiff's counsel states that she possesses the Note as bailee for Volt. (Doc. 59) at ¶ 1. As the Court previously ruled, the blank indorsement on the Note controls who holds the Note. *See* (Doc. 97) at 4. Accordingly, once Plaintiff physically transferred the Note to Volt, it became holder of the Note with the right to enforce both the Note and the Mortgage. *See Flagstar Bank, FSB v. Licha*, 2015 WL 730063, ¶ 18, ___ P.3d ___ (N.M. Ct. App.) (holder of note "automatically established its right to enforce the mortgage."). This legitimate transfer of the Note and Mortgage to Volt provides the basis for substituting Volt as Plaintiff under Rule 25(c). In other words, Volt has standing to proceed as Plaintiff.

The Martinezes further assert that the evidence does not support the designation of the signer of the assignment document as an attorney in fact. The Court notes that the signer, Jason Adams, is identified as an Assistant Vice-President. (Doc. 42-1). Additionally, two individuals witnessed the signing by Jason Adams as did a notary who notarized the assignment document.

*Id.*  There is no reason to believe that Jason Adams did not have the authority to sign the assignment document.  Alternatively, Volt has the right to enforce the Note as the holder of the Note and, as such, Volt "automatically" has the "right to enforce the mortgage," no matter who assigned the Mortgage.  *See Flagstar Bank, FSB,* 2015 WL 730063, ¶ 18.

The Martinezes also seem to challenge the authenticity of the copy of the document assigning the Note and Mortgage to Volt.  Under Fed. R. Evid. 1003, "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate."  The Martinezes do not put forth a genuine question about the authenticity of the copy of the assignment document nor do they describe any circumstances which would make it unfair to admit that document.

Next, the Martinezes claim that since the Court was unaware of Plaintiff's June 2013 transfer of interests until January 2014, Plaintiff "was deliberately attempting to mislead the Court and the Martinezes with regards to the alleged real party in interest."  (Doc. 51) at ¶ 14.  The Martinezes request that the Court sanction Plaintiff to prevent further misrepresentations by Plaintiff.  Yet, the Martinezes do not argue that Plaintiff transferred its interests in the Note and Mortgage to Volt before filing this lawsuit, thereby making Volt the real party in interest instead of Plaintiff.  In fact, as the Court found, Plaintiff has standing to bring this lawsuit.  (Doc. 97).  Plaintiff also did not deliberately mislead the Martinezes about the transfer of interests to Volt, because the Martinezes were aware of the transfer of interests as early as June 2013.  Moreover, because Rule 25(c) does not compel a plaintiff to move for substitution at any specific time, it was not improper or misleading for Plaintiff to move to substitute Volt as Plaintiff in January 2014.

Additionally, to move for sanctions, a party must comply with Fed. R. Civ. P. 11(c)(2). Rule 11(c)(2) states that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Once the motion for sanctions is served, the motion for sanctions must not be filed for 21 days, or "within another time the court sets," to provide time for the non-movant to withdraw "the challenged paper, claim, defense, contention or denial" or to "appropriately correct" the alleged misrepresentation. Rule 11(c)(2). The Martinezes have not complied with Rule 11(c)(2). Accordingly, their request for an imposition of sanctions against Plaintiff for misleading the Court is denied.

Finally, if the Court grants the Motion for Substitution, the Martinezes request that the Court either dismiss the Complaint for Foreclosure without prejudice or order Volt to file an amended complaint to which the Martinezes can answer and possibly raise counterclaims. The Martinezes also believe that substituting Volt as Plaintiff would affect the initial scheduling order, initial disclosures, and the provisional discovery plan in this lawsuit. In other words, the Martinezes assume that by substituting Volt as Plaintiff the Court is adding a new party which will necessarily change the landscape of the lawsuit. A Rule 25(c) substitution does no such thing. Rather, a substituted party stands in the shoes of the original party. *See, e.g., In re McKissack,* 320 B.R. 703, 717 (Bankr. D. Colo. 2005) ("'The substituted party does not bring his own complaint as an intervenor would, but instead 'steps into the shoes' of the original plaintiff ….'" (quoting *In re Joseph*, 121 B.R. 679, 683 (Bankr. N.D.N.Y. 1990)); *Hurley v. Fed. Deposit Ins. Corp.*, 719 F.Supp. 27, 31 (D. Mass. 1989) ("As a result of its motion to be substituted as a party in this action, the FDIC stands in the shoes of the bank."). As the Fifth Circuit stated: "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to

allow the action to continue unabated when an interest in the lawsuit changes hands." *Collateral Control Corp. v. Deal (In re Covington Grain Co., Inc.)*, 638 F.2d 1362, 1364 (5th Cir. 1981). That being the case, there is no need to dismiss the Complaint for Foreclosure or to order Volt to file an amended complaint, nor is there a need to amend the Court's pretrial orders on the basis of a substitution.

The Court concludes that the Martinezes' objections to the Motion for Substitution have no merit and that granting the Motion for Substitution will facilitate litigation by naming the most recent holder of the Note and assignee of the Mortgage as Plaintiff. Consequently, the Court grants the Motion for Substitution.

IT IS ORDERED that

1. Plaintiff's counsel must, in the future, comply with the spirit of D.N.M. LR-Cv 7.1(a) or else face an order to show cause why counsel should not be sanctioned;

2. the Martinezes' request for a hearing and Plaintiff's Request for Hearing (Doc. 95) are denied;

3. the Martinezes' request to impose sanctions on Plaintiff is denied;

4. Plaintiff's Motion for Substitution of Volt Asset Holdings Trust XVI, by Caliber Home Loans, Inc., Solely in its Capacity as Servicer as Plaintiff (Doc. 42) is granted;

5. Volt Asset Holdings Trust XVI, by Caliber Home Loans, Inc., Solely in its Capacity as Servicer, is substituted as Plaintiff in this lawsuit; and

6. the Martinezes' request to dismiss the Complaint for Foreclosure or to order Volt to file an amended complaint, and the Martinezes' request to amend the Court's pretrial orders are denied.

_____
UNITED STATES DISTRICT JUDGE