IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VOLT ASSET HOLDINGS TRUST XVI,
BY CALIBER HOME LOANS, INC.,
SOLELY IN ITS CAPACITY AS SERVICER,

    Plaintiff,

vs.                                                            Civ. No. 13-508 KG/KK

MARIE A. MARTINEZ, A/K/A
MARIE MARTINEZ,
FELIX J. MARTINEZ, A/K/A
FELIX JOE MARTINEZ,
FELIX JOE MARTINEZ PUBLIC TRUST, AND
SOUTHWEST FINANCIAL SERVICES, INC.,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Motion for Leave to Withdraw Document filed by *pro se* Defendants Marie A. Martinez, a/k/a Marie Martinez, and Felix J. Martinez, a/k/a Felix Joe Martinez, (collectively, the Martinezes) on February 4, 2014. (Doc. 47). Former Plaintiff HSBC Mortgage Services, Inc. (HSBC) filed a response on February 21, 2014, opposing the Motion for Leave to Withdraw Document.[1] (Doc. 58). The Martinezes move to withdraw Defendants' Motion for Leave to File Amended Answer and the attached First Ammentdment [sic] to Answer and Affirmative Defenses. *See* (Doc. 50). Having considered the Motion for Leave to Withdraw Document and the response, the Court denies the Motion for Leave to Withdraw Document.

---

[1] When a party does not consent to a withdrawal of a document, as in this case, the party wishing to withdraw the document must obtain the approval of the Court to do so. D.N.M. LR-Cv 7.7.

The Martinezes filed Defendants' Motion for Leave to File Amended Answer in response to the original complaint filed by HSBC.  After HSBC filed this lawsuit, HSBC transferred its interests in the Note and Mortgage at issue in this case to Volt Asset Holdings Trust XVI.  HSBC then moved to substitute Volt Asset Holdings Trust XVI, by Caliber Home Loans, Inc., solely in its capacity as servicer, (collectively, Volt) as Plaintiff.  In response to the motion to substitute Volt as Plaintiff, the Martinezes moved to withdraw Defendants' Motion for Leave to File Amended Answer because Defendants' Motion for Leave to File Amended Answer would become moot if the Court substituted Volt as Plaintiff.  The Martinezes contend that if the Court substituted Volt as Plaintiff, then Volt, as a new party, would file its own complaint to which the Martinezes would file a new answer, including any counterclaims appropriate to Volt's claims.  In fact, the Court has substituted Volt as Plaintiff.  *See* (Doc. 100).

A substituted transferee of an interest, like Volt, assumes the litigation position of the transferor.  *Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995).  As the Fifth Circuit stated:  "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands."  *Collateral Control Corp. v. Deal (In re Covington Grain Co., Inc.)*, 638 F.2d 1362, 1364 (5th Cir. 1981).  Accordingly, Volt is not a new party which must file its own complaint.  As a substituted transferee, Volt relies on HSBC's complaint to put forth its claims.  Hence, Defendants' Motion for Leave to File Amended Answer is not moot.  The Court, therefore, denies the Motion for Leave to Withdraw Document.

IT IS ORDERED that Motion for Leave to Withdraw Document (Doc. 47) is denied.

_____
UNITED STATES DISTRICT JUDGE