IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VOLT ASSET HOLDINGS TRUST XVI,
by Caliber Home Loans, Inc.,
Solely in its Capacity as Servicer,

      Plaintiff,

vs.                                                                                          Civ. No. 13-508 KG/KK

MARIE A. MARTINEZ, A/K/A MARIE MARTINEZ,
FELIX J. MARTINEZ, A/K/A FELIX JOE MARTINEZ,
FELIX JOE MARTINEZ PUBLIC TRUST, and
SOUTHWEST FINANCIAL SERVICES, INC.,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Martinezes' Motion to Reconsider the Court's Order Granting Substitution of Plaintiff (Motion to Reconsider), filed June 11, 2015. (Doc. 105). Plaintiff Volt Asset Holdings Trust XVI, by Caliber Home Loans, Inc., Solely in its Capacity as Servicer (Volt) filed a response on June 29, 2015, and *pro se* Defendants Felix J. Martinez, a/k/a Felix Joe Martinez, and Marie A. Martinez, a/k/a Marie Martinez, (collectively, the Martinezes) filed a reply on July 15, 2015. (Docs. 110 and 111). Having reviewed the Motion to Reconsider and the accompanying briefs, the Court denies the Motion to Reconsider.

*A. Background*

On June 1, 2015, the Court granted, without a hearing, Plaintiff's Motion for Substitution of Volt Asset Holdings Trust XVI, by Caliber Home Loans, Inc., Solely in its Capacity as Servicer as Plaintiff (Motion for Substitution) (Doc. 42). Memorandum Opinion and Order (Doc. 100). Pursuant to Fed. R. Civ. P. 25(c), the Court substituted Volt as Plaintiff in place of HSBC Mortgage Services, Inc. The Martinezes now move the Court to vacate the June 1, 2015,

Memorandum Opinion and Order, and to hold an evidentiary hearing on the Motion for Substitution.  In the alternative, the Martinezes ask for "clarification on the Court's ruling regarding standing to ensure that their defenses of a lack of standing are preserved for further adjudication." (Doc. 111) at 8.

B.  *Standard of Review*

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).  Federal Rule of Civil Procedure 54(b), nonetheless, provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims."  The Tenth Circuit has analyzed motions to reconsider interlocutory orders, like this one, under Rule 54(b) and looked to the standard used to review Fed. R. Civ. P. 59(e) motions for guidance in addressing those motions to reconsider.  *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013).

A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment.  *See, e.g., Winchester v. Wilkinson,* 2015 WL 2412175, at *2 (E.D. Okla.).  Rule 59(e) relief is appropriate if there is new controlling law, new evidence not available previously, or a "need to correct clear error or prevent manifest injustice." *Ankeney,* 524 Fed. Appx. at 458 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Rule 59(e) does not allow a losing party to "revisit issues already addressed or advance argument that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.  The

2

Court has discretion in deciding whether to grant or deny a motion to reconsider.  *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

To begin with, the Court will not consider arguments made by the Martinezes which rehash previous arguments nor will the Court consider arguments which the Martinezes could have raised before now.  The Court further notes that the Martinezes have not provided the Court with either new controlling law or new evidence not available previously.  The question, then, is whether the Court should vacate its decision to substitute Volt as Plaintiff to "correct clear error or prevent manifest injustice."

The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."  *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235 (10th Cir. 2001).  In this case, the Martinezes have not carried their heavy burden of showing that the Court's decision to substitute Volt as Plaintiff was either arbitrary, capricious, whimsical, or manifestly unreasonable.  Hence, the Martinezes have failed to demonstrate that the Court's decision to substitute Volt as Plaintiff was clearly erroneous.

Although the Tenth Circuit has not specifically defined manifest injustice in the Rule 59(e) context, other courts have defined manifest injustice as "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law."  *Smith v. Lynch*, 2015 WL 4324167, *3 (D.D.C.).  *See also In re Green Goblin, Inc.,* 2012 WL 1971143, *1 (Bankr. E.D. Pa. May 31, 2012) (quoting *In re Roemmele,* 466 B.R. 706 (Bankr. E.D. Pa. 2012)) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.").  Here, although the Martinezes complain that they have been prejudiced by the Court's decision to substitute Volt as Plaintiff, the Martinezes fail to convince the Court that the

decision is fundamentally unfair when one considers the law at hand. The Court, likewise, questions whether and to what extent the Martinezes are even clearly and certainly prejudiced by having Volt substituted as Plaintiff. The Martinezes have, likewise, failed to carry their heavy burden of demonstrating that the Court's decision to substitute Volt as Plaintiff results in manifest injustice.

In sum, the Martinezes' Motion to Reconsider lacks merit and the Court, thus, denies the Martinezes' request to vacate the Court's decision to substitute Volt as Plaintiff as well as their request for an evidentiary hearing. Moreover, the Court's discussion of standing in its Memorandum Opinions and Orders is sufficiently unambiguous and detailed that the Court also denies the Martinezes' request for clarification on the standing determination.[1] *See* (Docs. 100 and 97).

IT IS ORDERED that Martinezes' Motion to Reconsider the Court's Order Granting Substitution of Plaintiff (Doc. 105) is denied.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the Martinezes did not challenge the Court's May 27, 2015, Memorandum Opinion and Order (Doc. 97) which directly addressed the standing issue.