IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VOLT ASSET HOLDINGS TRUST VXI,

    Plaintiff,

vs.                                                                           Civ. No. 13-508 KG/KK

MARIE A. MARTINEZ a/k/a
MARIE MARTINEZ, FELIX J. MARTINEZ
a/k/a FELIX JOE MARTINEZ,
FELIX JOE MARTINEZ PUBLIC TRUST, and
SOUTHWEST FINANCIAL SERVICES, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants Felix Martinez and Marie Martinez's (the Martinezes) "Amended Notice of Objection to the Court's Ruling (Doc 128) Allowing Plaintiff's Motion for Extension of Time to File Reply (Doc. 126) and Motion to Strike Plaintiff's Reply (Doc 127) to Response to Plaintiff's Motion for Summary Judgement" (Motion to Strike and for Order to Show Cause), filed on October 25, 2015. (Doc. 130). Plaintiff responded on November 12, 2015, and the Martinezes replied on November 28, 2015 (Docs. 131 and 134). Having reviewed the Motion to Strike and for Order to Show Cause and the accompanying briefing, the Court grants, in part, and denies, in part, the Motion to Strike and for Order to Show Cause in that (1) Plaintiff may file an amended reply to its Motion for Summary Judgment, Default Judgment, and for Order for Foreclosure Sale (Motion for Summary Judgment) (Doc. 118) which is limited to 16 pages, and (2) the Martinezes' request for an Order to Show Cause is denied.

*A. Background*

On June 1, 2015, the Court, in granting Plaintiff's motion to substitute Volt Asset Holdings Trust VXI as Plaintiff, acknowledged "that Plaintiff waited only over an hour for the Martinezes to respond to Plaintiff's request for concurrence on the Motion for Substitution before filing that motion." (Doc. 100) at 2-3. The Court found that "[t]his action on the part of Plaintiff is certainly not within the spirit of D.N.M. LR-Cv 7.1(a)'s requirement of a 'good-faith request for concurrence….'" *Id.* at 3. The Court, therefore, ordered that "Plaintiff's counsel must, in the future, comply with the spirit of D.N.M. LR-Cv 7.1(a) or else face an order to show cause why counsel should not be sanctioned…." *Id.* at 9.

On July 29, 2015, Plaintiff filed its Motion for Summary Judgment. The Martinezes responded with both a brief and exhibits. The Court notes that the Martinezes exceeded the page limitation for exhibits by four pages without seeking consent from Plaintiff to do so or seeking leave of the Court. (Docs. 121-1 to 121-7). *See* D.N.M. LR-Cv 10.5 (Local Rule 10.5) (exhibits must not exceed 50 pages, "unless all parties agree otherwise" or the Court grants a motion to exceed the page limitations).

The parties then agreed on three separate occasions to extend the deadline for Plaintiff to file a reply to the Motion for Summary Judgment. (Docs. 123, 124, and 125). The last agreed upon extension of time provided that Plaintiff file its reply by October 8, 2015. (Doc. 125). On October 8, 2015, at 8:06 p.m., Plaintiff sought concurrence from the Martinezes for a four-day extension of time to file the reply by leaving them a telephone message and sending an email. (Doc. 130) at ¶ 8; (Doc. 133) at ¶ 7. When Plaintiff did not receive an immediate response from the Martinezes, Plaintiff filed a Motion for Extension of Time to File Reply in Support of

2

Plaintiff's Motion for Summary Judgment (Doc 118) (Motion for Extension of Time) at 9:13 p.m. that same evening. (Doc. 126). The Motion for Extension of Time noted that Plaintiff "attempted, by telephone and e-mail, to reach the Defendants to request their concurrence to this Motion, but has not yet received their concurrence." *Id.* at 2. The Court then granted the Motion for Extension Time. (Doc. 128).

Although Plaintiff timely filed the reply pursuant to the Court's order, the reply consists of 39 pages. (Doc. 127). Under D.N.M. LR-Cv 7.5 (Local Rule 7.5), a reply cannot exceed 12 pages. Moreover, Plaintiff did not seek leave from the Court to exceed that page limitation.

B. *The Motion to Strike and for Order to Show Cause*

The Martinezes move to strike the reply for exceeding the 12-page limitation without leave of the Court. Moreover, although the Martinezes are "not complaining about" the extra four days to file the reply, they argue that Plaintiff again failed to comply with the spirit of D.N.M. LR-Cv Rule 7.1(a) (Local Rule 7.1(a)) by waiting only a little over an hour for the Martinezes to respond to the fourth request for an extension of time before filing the Motion for Extension of Time. *See* (Doc. 135) at ¶ 2. In accordance with the Court's June 1, 2015, Memorandum Opinion and Order, the Martinezes request that the Court issue an Order to Show Cause why Plaintiff's counsel should not be sanctioned for violating the spirit of Local Rule 7.1(a).

C. *Discussion*

    1. *The Martinezes' Request to Strike Plaintiff's Reply*

Plaintiff argues that Local Rule 7.5's 12-page limitation for replies does not apply to summary judgment reply briefs, but only applies to "non-motion briefs." Local Rule 7.5 states, in pertinent part, that

> The length of a motion … must not exceed twenty-seven (27) double-spaced pages.  A response brief must not exceed twenty-four (24) double-spaced pages.  A reply brief must not exceed twelve (12) double-spaced pages.  Unless otherwise ordered, these page limits apply to non-motion briefs, *e.g.*, merits briefs in Social Security or bankruptcy appeals and proceedings under 28 U.S.C. §§ 2241, 2254, and 2255.

Plaintiff's reading of Local Rule 7.5 is tortured.  A plain reading of Local Rule 7.5 shows that replies to any civil motion, like a motion for summary judgment, is limited to 12 pages and that in special cases, like Social Security cases, which rely on merits briefs as opposed to "motion" briefs, the same page limitations apply, unless otherwise ordered by the Court.  Because Plaintiff did not obtain leave of the Court to extend the page limitation for its reply, the Court finds that Plaintiff violated Local Rule 7.5 by filing a 39-page reply.

The Court also recognizes that the Martinezes exceeded the page limitation for their exhibits by four pages without seeking consent from Plaintiff to do so or obtaining leave by the Court.  In light of this violation of Local Rule 10.5 as well as Plaintiff's violation of Local Rule 7.5, the Court will permit Plaintiff to file an amended reply not to exceed 16 pages.  The additional four pages for the reply reflect the additional four pages which the Martinezes included in their exhibits.  Failure to file an amended reply will result in the Court striking the original reply.

  *2. The Martinezes' Request for an Order to Show Cause*

The Court notes that, unlike the Motion for Substitution, the Motion for Extension of Time was time-sensitive in that the reply was due October 8, 2015, the date Plaintiff sought the Martinezes' concurrence.  Moreover, the Motion for Extension of Time did not concern any substantive issues and requested only a brief extension of time, which the Martinezes do not appear to oppose.  Considering these circumstances and the Court's desire to expeditiously decide the merits of the Motion for Summary Judgment, the Court denies the Martinezes' request

for an Order to Show Cause. The Court, nonetheless, admonishes and warns Plaintiff that it will enter such an Order to Show Cause under appropriate circumstances.

IT IS ORDERED that

1. Defendants Felix Martinez and Marie Martinez's (the Martinezes) "Amended Notice of Objection to the Court's Ruling (Doc 128) Allowing Plaintiff's Motion for Extension of Time to File Reply (Doc. 126) and Motion to Strike Plaintiff's Reply (Doc 127) to Response to Plaintiff's Motion for Summary Judgement" (Doc. 130) is granted, in part, and denied, in part;

2. Plaintiff has fourteen days from the date of the entry of this Memorandum Opinion and Order to file an amended reply to its Motion for Summary Judgment which is limited to 16 pages;

3. failure to file an amended reply will result in the Court striking the original reply (Doc. 127); and

4. the Martinezes' request for an Order to Show Cause is denied.

_____
UNITED STATES DISTRICT JUDGE