IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VOLT ASSET HOLDINGS TRUST XVI,

       Plaintiff,

vs.                                          Civ. No. 13-508 KG/KK

MARIE A. MARTINEZ A/K/A MARIE
MARTINEZ, FELIX J. MARTINEZ A/K/A
FELIX JOE MARTINEZ, FELIX JOE MARTINEZ
PUBLIC TRUST, and SOUTHWEST FINANCIAL
SERVICES, INC.,

       Defendants.

## JUDGMENT AND ORDER APPOINTING SPECIAL MASTER

This matter comes before the Court upon Plaintiff's Motion for Award of Amounts

(Motion) and Elizabeth Dranntel's Affidavit of Attorney Fees and Costs (Affidavit), both filed

on July 7, 2017. (Docs. 149 and 150). Defendants Marie A. Martinez a/k/a Marie Martinez and

Felix J. Martinez a/k/a Felix Joe Martinez (collectively, the Martinezes) filed a response on July

30, 2017, and Plaintiff filed a reply on August 10, 2017. (Docs. 156 and 157). Having reviewed

the Motion, the Affidavit, and the accompanying briefs, the Court grants the Motion.

Plaintiff seeks an order awarding $445,248.51, the total amount owed on the Note

(including interest, tax, and costs) at issue in this foreclosure action as of June 18, 2017, and

$34,256.51, the amount of attorney's fees and costs incurred in litigating this lawsuit. Plaintiff

also requests that the Court appoint Jennifer A. Taylor as Special Master to hold the foreclosure

sale of the property.

In response to the Motion, the Martinezes apparently argue that the Court should

reconsider its March 1, 2017, Memorandum Opinion and Order in which it granted summary

judgment in favor of Plaintiff. *See* (Doc. 140). Because the Martinezes made their request to reconsider more than 28 days after the Court entered its Memorandum Opinion and Order, the Court construes the request to reconsider under Fed. R. Civ. P. 60(b) (providing for motion for relief from judgment). *Cf.* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Federal Rule of Civil Procedure Rule 60(c)(1) states that a Rule 60(b) motion "must be made within a reasonable time…." A reasonable time is dependent upon whether the movant has provided "sufficient justification for the delay." *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005). Here, the Martinezes waited almost five months to request reconsideration and did not provide any reason for such a delay. The Court determines that the Martinezes' request for reconsideration was not made within a reasonable time. For that reason, the Court denies the request for reconsideration.

The Martinezes do not otherwise object to the amount of the awards Plaintiff seeks. Independent of the absence of an objection, and having reviewed the Affidavit, the Court finds that the request for attorney's fees and costs is reasonable. The Martinezes also do not object to Plaintiff's proposed Special Master, Jennifer A. Taylor.

The Martinezes, however, "[r]equest that the court order the sequestering of the alleged note until the Debt is satisfied, and if the Plaintiff refuses Martinez [sic] request that the Court order Plaintiff to allow Martinezes to inspect the alleged Note at Plaintiffs [sic] office." (Doc. 156) at 9. Plaintiff did not respond to this request. Finding no prejudice to Plaintiff, the Court will order that Plaintiff's attorney allow the Martinezes to inspect the Note at her office.

For the foregoing reasons, the Court ORDERS that:

1. Plaintiff's Motion for Award of Amounts (Doc. 149) is granted;

2. the Martinezes' request for reconsideration is denied as untimely;

3. Plaintiff is awarded a judgment in the amount of $445,248.51;

4. Plaintiff is awarded attorney's fees and costs in the amount of $34,256.51; and

5. Plaintiff's attorney shall allow the Martinezes to inspect the Note at issue at Plaintiff's attorney's office at a time convenient to the parties, but no later than October 31, 2017.

IT IS FURTHER ORDERED that

1. the Property at issue in this lawsuit is ordered to be sold and that Jennifer A. Taylor, Ancillary Legal Support, Inc., is appointed Special Master to advertise and sell the Property and make a report thereof to this Court as provided by law;

2. in the event that the Special Master is unable to conduct the sale when scheduled, the Special Master may designate a successor to act as Special Master, without further notice or order, and said successor shall conduct the sale, notice of which may have been published in the name of the original Special Master;

3. the Special Master is empowered to postpone the date and time of sale in the event the Special Master deems such postponement advisable, and may sell the Property at such postponed sale on the terms set forth herein. Postponement of the sale of the Property may be effected by the Special Master appearing and announcing the new time, date, and place of sale to all persons attending at the time, date, and place originally published for the sale. In the event of a postponement, a notice of said postponement, including the time, date, and place of the rescheduled sale shall be filed with the court and served in the same manner and upon the same persons or entities as were served with the original Notice of Sale. No additional publication or notice of the postponed sale shall be required;

4. the Property shall be sold to the highest bidder for cash, free and clear of all liens or rights of Defendants Marie and Felix Martinez save any right of redemption, and of any persons

claiming under and through them, or any persons claiming an interest by an instrument filed for record after the date of filing of the Notice of Lis Pendens in connection with this action, but subject to any unpaid taxes or liens or interests not foreclosed herein;

5.  at said sale any party may, and hereby is authorized to, bid in the amount of its judgment or any portion thereof at the foreclosure sale as the equivalent of cash, provided, however, that if any party other than Plaintiff is the successful bidder, the bid must include cash to the extent necessary to pay the Special Master's fee, all costs and expenses of the foreclosure sale, and the amount of Plaintiff's judgment;

6.  the proceeds of said sale shall first apply to the costs of sale, including Special Master's fee, to be hereafter fixed by the Court, for any costs incurred for the maintenance and protection of the property, and then to Plaintiff for application to Plaintiff's judgment amount, interest through the date of sale, and Plaintiff's reasonable attorney's fees and any other costs.  If the proceeds of the sale are greater than the amount due Plaintiff as set forth above, the excess will deposited into the Court Registry and applied as determined by the Court. If the proceeds of the sale are insufficient to pay such amounts, the Court reserves jurisdiction to render a deficiency judgment against Defendants Marie and Feliz Martinez;

7.  unless the Property to be sold is permitted to be, and is in fact, redeemed as provided by law, which redemption period is 30 days, all persons claiming under, through or against the Borrower or any other named Defendant by instruments recorded subsequent to the Notice of Lis Pendens, shall be forever foreclosed from any and all right, title and interest in or lien or claim upon, or equity or redemption to the property;

8.  this Court retains jurisdiction over this proceeding and the parties hereto so as to enter such further orders as may be appropriate upon the submission of the Special Master's

Report, to assess such additional costs for the Special Master, attorney's fees and interest as may be appropriate;

9.  if any persons occupying the Property shall fail or refuse to vacate and quit possession of the Property after the sale, the purchaser thereof may request from this Court an Order of Forcible Entry and Detainer directing the United States Marshal, the Bernalillo County Sheriff, or any other law enforcement agency with jurisdiction to place the purchaser in possession of the Property; and

10.  if personal property remains on the real property after entry of the order approving the sale in this matter, the personal property is deemed abandoned and the purchaser may dispose of the property in any manner pursuant to applicable law.

_____
UNITED STATES DISTRICT JUDGE