IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VOLT ASSET HOLDINGS TRUST XVI,

    Plaintiff,

vs.                                                          Civ. No. 13-508 KG/KK

MARIE A. MARTINEZ A/K/A MARIE
MARTINEZ, and FELIX J. MARTINEZ
A/K/A FELIX JOE MARTINEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon "Defendants [sic] Motion for Relief from Judgment for Fraud in the Inducement, Constructive Fraud, Misconduct/Misrepresentation" (Motion for Relief), filed March 1, 2018. (Doc. 164). Defendants bring the Motion for Relief under Fed. R. Civ. P. 60(b)(2) (newly discovered evidence) and 60(b)(3) (fraud, misrepresentation or misconduct). Defendants challenge the Court's March 1, 2017, entry of summary judgment in favor of Plaintiff Volt Asset Holdings Trust XVI (Volt) and against Defendants. (Docs. 140 and 141). Volt filed a response to the Motion for Relief on March 2, 2018, and Defendants filed a reply on March 16, 2018. (Docs. 166 and 167). Having reviewed the Motion for Relief and the accompanying briefs, the Court denies the Motion for Relief.

*A. Arguments Raised for the First Time in the Reply*

As an initial matter, the Court notes that Defendants raise arguments in their reply that they did not raise in the Motion for Relief. Movants, however, waive arguments that they raise for the first time in a reply. *See United States v. Hodges*, 684 Fed. Appx. 722, 728 (10th Cir. 2017) (finding that movant waived argument he did not raise until reply brief); *United States v.*

*Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived."); *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (noting court will not ordinarily review issues raised for first time in reply brief). The Court, therefore, deems the new arguments raised in Defendants' reply as waived and will not address those arguments.

*B. Rule 60(b)*

Defendants move for relief under both Rule 60(b)(2) and (3). Relief under Rule 60(b), generally, is discretionary and is warranted only in exceptional circumstances. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 60(b) relief "is not properly granted where a party merely revisits the original issues and seeks to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood the party's position." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (brackets and internal quotation marks omitted). Furthermore, Rule 60(b) relief is not "an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument." *Id.* Rather, "[p]arties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (internal quotation marks omitted).

In addition, a Rule 60(b) motion "must be made within a reasonable time—and for reasons … (2), and (3) no more than a year after the entry of the judgment…." Fed. R. Civ. P. 60(c)(1). As the Tenth Circuit explained, "A motion is not timely merely because it has been filed within one year of the judgment." *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990). "There must be a 'sufficient justification for the delay … taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties'…." *Saggiani v. Strong*, 718 Fed. Appx.

706, 710 (10th Cir. 2018) (quoting *Mullin v. High Mountain*, 182 Fed. Appx. 830, 833 (10th Cir. 2006); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005)).

  1. *Timeliness of the Motion for Relief*

Defendants base their Motion for Relief on that fact that on August 14, 2017, they "ordered a Securitization Audit/Mortgage investigation" which provided "evidence of the securitization and transactions from the inception/origination of the instant Loan/Note." (Doc. 164) at 2. That investigation was apparently completed by the end of August 2017. (Doc. 164-2) at 2-3. Defendants also base their Motion for Relief on a letter dated July 14, 2017, which states that the mortgage loan at issue was sold to Upland Mortgage Loan Trust (Upland). (Doc. 163-5).

Although Defendants filed the Motion for Relief exactly a year from the March 1, 2017, summary judgment determination, Defendants must still show that they had a sufficient justification for waiting until the last day of the one-year period to file the Motion for Relief. The Court notes that Defendants chose to file the Motion for Relief after the property at issue was sold on February 20, 2018, despite having the information from the "Securitization Audit/Mortgage" investigation in August 2017, six months prior to the sale, and knowledge of the sale of the mortgage loan in July 2017, seven months prior to the sale.[1] Filing the Motion for Relief after the sale of the property certainly adversely affects the interest in the finality of the property sale. Consequently, granting the Motion for Relief at this time will prejudice the purchaser of the property, who believes that the property was lawfully sold to it and that it now has lawful ownership of the property. Defendants also have not explained why they waited until after the sale of the property, and a year after the Court entered its summary judgment, to file the

---

[1] Volt purchased the property and will vest the property to a "new holder after the sale…." (Doc. 166) at 3.

3

Motion for Relief. Additionally, as a practical matter, Defendants could have sought a "Securitization Audit/Mortgage" investigation any time prior to the Court's entry of the summary judgment in March 2017. Considering the above factors, the Court finds that Defendants have not demonstrated a sufficient justification for their delay in filing this Motion for Relief. Hence, the Motion for Relief is untimely and should be denied for that reason. In the alternative, even if Defendants timely filed the Motion for Relief, the Court would deny the Motion for Relief for the reasons described below.

    *2. Rule 60(b)(2)(newly discovered evidence)*

Defendants argue first that the Court should grant the Motion for Relief under Rule 60(b)(2) because they discovered new evidence after the Court entered the March 2017 summary judgment. Specifically, Defendants claim that the August 2017 "Securitization Audit/Mortgage" investigation produced new evidence while the sale of the mortgage loan to Upland in July 2017 constitutes new evidence.

Rule 60(b)(2) provides that a court can grant relief from a judgement if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered" beforehand. To qualify for relief under Rule 60(b)(2), the moving party must show: (1) the evidence was newly discovered since the entry of the judgement; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) reconsideration with the newly discovered evidence would probably produce a different result. *See Dronsejko v. Thornton,* 632 F.3d 658, 670 (10th Cir. 2011). "[L]earning of a new legal theory is not the discovery of new *evidence*" nor is the simple existence of an investigation considered new evidence. *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1118 (10th Cir. 2013).

As noted above, Defendants could have obtained a "Securitization Audit/Mortgage" investigation prior to the entry of the Court's summary judgment in March 2017. In that respect, Defendants were not diligent in obtaining that evidence. Moreover, in trying to comprehend Defendants' convoluted arguments, the Court is hard-pressed to find that the investigation produced material evidence that would have probably produced a different result, i.e., that Defendants could continue to default on the note at issue without any consequence. Finally, Defendants' discovery of new legal theories arising from the "Securitization/Audit Mortgage" investigation and the investigation itself do not constitute new evidence. For the foregoing reasons, a Rule 60(b)(2) motion for relief based on the August 2017 "Securitization Audit/Mortgage" investigation is without merit.

With respect to the sale of the mortgage loan to Upland, the Court observes that Fed. R. Civ. P. 25(c) states: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." "The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named." 7C Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1958 at 696. Rule 25(c) is merely a procedural device to facilitate litigation. *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993). Importantly, "Rule 25(c) does not ordinarily alter the substantive rights of parties…." *Id.* at 71. A substituted transferee of an interest assumes the litigation position of the transferor. *Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995).

5

Because Upland, as the successor in interest, assumes the litigation position of Volt and the substantive rights of the parties have not been altered, the fact that Volt transferred the mortgage loan to Upland is not material to the outcome of this lawsuit nor would it probably produce a different result. Defendants, nevertheless, argue that Volt, as the named Plaintiff, lacks standing now that Upland owns the mortgage loan. However, under New Mexico law, when a court enters a foreclosure judgment against a defendant, that judgment is not later voidable for lack of standing. *Bank of Am., N.A. v. Roybal*, No. 34,567, 2017 WL 1019516, at ¶ 10 (N.M. Ct. App.) (determining in foreclosure action that final default judgment not voidable due to lack of standing). Consequently, the summary judgment against Defendants is not voidable even if there was some kind of subsequent lack of standing as Defendants argue. In other words, the fact that Volt transferred the mortgage loan to Upland in July 2017 would probably not produce a different result because the summary judgment would not be voidable for lack of standing. For all of the above reasons, a Rule 60(b)(2) motion for relief based on the July 2017 transfer of interest to Upland fails.

*3. Rule 60(b)(3) (fraud, misrepresentation or misconduct)*

Finally, Defendants assert that the Court should grant the Motion for Relief under Rule 60(b)(3) on the basis of fraud, misrepresentation or misconduct. The Court notes that Defendants could have raised many of their fraud, misrepresentation or misconduct arguments prior to the Court's entry of summary judgment in March 2017. Those arguments, therefore, are not properly before the Court in a Rule 60(b) motion for relief.

As to Defendants' other Rule 60(b)(3) arguments, the Tenth Circuit has held that a Rule 60(b)(3) movant

> must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation. … In other words, "they must show 'clear and convincing proof' of

fraud, misrepresentation, or misconduct." … Moreover, "the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." … Subsection (b)(3) "is aimed at judgments which were unfairly obtained…."

*Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (citations omitted). Applying the Tenth Circuit's Rule 60(b)(3) standard, the Court finds that Defendants have not provided clear and convincing proof of any fraud, misrepresentation, or misconduct which substantially interfered with Defendants' ability to fully and fairly prepare a defense to this case. The Court further concludes that the summary judgment in favor of Volt and against Defendants was fairly obtained. In sum, Defendants' Rule 60(b)(3) arguments fail as well.

IT IS ORDERED that "Defendants [sic] Motion for Relief from Judgment for Fraud in the Inducement, Constructive Fraud, Misconduct/Misrepresentation" (Doc. 164) is denied.

_____
UNITED STATES DISTRICT JUDGE